UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

    Plaintiff,

v.

SUZANNE GROFF et al.,

    Defendants.

Case No. 24-13112
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

## ORDER ACCEPTING REPORT AND RECOMMENDATION [96], GRANTING DEFENDANTS' MOTION TO DISMISS IN PART [39], AND TRANSFERRING CASE TO WESTERN DISTRICT OF MICHIGAN

Edward Albert Stenberg filed this *pro se* civil rights case in November 2024, alleging that twelve Defendants—primarily medical personnel and other staff at the Thumb Correctional Facility in Lapeer, Michigan—violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. (ECF No. 1.) Presently before the Court is Magistrate Judge Altman's report and recommendation disposing of three pending motions (ECF Nos. 33, 39, and 57). For the reasons that follow, the Court adopts the report and recommendation in full. Thus, ECF Nos. 33 and 57 are denied without prejudice and ECF No. 39 is granted in part.

**I.**

At the conclusion of the January 15, 2026 report and recommendation, Magistrate Judge Kimberly Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that

"[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 96, PageID.2170–2171.)

This was not the first time Stenberg was apprised of this process. Judge Altman previously issued a report and recommendation denying Stenberg's motion for a preliminary injunction and motion to compel (ECF No. 48), which Stenberg objected to (ECF No. 60), and the Court overruled. (ECF No. 78).

Under Federal Rule of Civil Procedure 6(d), since Stenberg was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Stenberg's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Stenberg may have mailed, it has now been over 30 days since the report and recommendation was served on the parties. No objections have been filed.

The Court finds that Stenberg's failure to timely object is a procedural default, waiving review of Judge Altman's findings by this Court. In *United States v. Walters*, the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." 638 F.2d 947, 949–50 (6th Cir. 1981). And in *Thomas v. Arn*, the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not

obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of Judge Altman's report and recommendation (ECF No. 96), and accepts its recommended disposition. It follows that Defendants Blessman, McIntyre, Morrison, and Washington's motion to dismiss is GRANTED IN PART and the case is TRANSFERRED to the Western District of Michigan. The remaining motions to dismiss by Defendants Coleman and Massery (ECF No. 33) and Wellpath/Grand Prairie Health Care (ECF No. 57) are DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: February 18, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

3